IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY SR., | ) | 8:09CV392 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY ATTORNEY OFFICE, | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Bring Additional Complaints (filing no. 7) and Motion to Amend (filing no. 10). As set forth below, the Motion to Bring Additional Complaints is denied and the Motion to Amend is granted.

*Motion to Bring Additional Complaints*

On December 23, 2009, the plaintiff filed his Motion to Bring Additional Complaints. (Filing No. 7.) Summarized, the plaintiff sets forth numerous additional allegations relating to the validity of his conviction and continued incarceration. (*Id.*) For example, the plaintiff alleges that he was convicted despite the fact that the victim did not testify, there was generally a "lack of evidence" to convict him, and he received ineffective assistance of counsel from the defendant in violation of the Sixth Amendment. (*Id.*)

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state

prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87. All of the allegations set forth in the plaintiff's Motion to Bring Additional Complaints relate to the validity of his conviction. The court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983, and the plaintiff must raise them in a habeas corpus or similar proceeding. The Motion to Bring Additional Complaints is therefore denied.[1]

*Motion to Amend*

On January 4, 2010, the court conducted a detailed initial review of the plaintiff's Complaint. (Filing No. 9.) In its Memorandum and Order issued on that date, the court determined that the plaintiff failed to adequately allege a claim against the defendant. (*Id.* at CM/ECF pp. 2-4.) In particular, the court found that the plaintiff failed to allege "a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County's employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct." (*Id.* at CM/ECF p. 3.) The court also found that the plaintiff failed to allege "that an unconstitutional custom was the moving force behind his injuries." (*Id.*) The court permitted the plaintiff 30 days in which to correct these pleading deficiencies. (*Id.* at CM/ECF pp. 3-4.) In response, the plaintiff filed his Motion to Amend. (Filing No. 10.) In light of this, the court liberally construes the Motion to Amend as an Amended Complaint, which the court permitted the plaintiff leave to file. (Filing No. 9.)

---

[1]This is the third time the court has informed the plaintiff of the *Heck* requirements. (*See* Case No. 4:10CV3012, Filing No. 7; Case No. 4:10CV3014, Filing No. 8.)

The court has carefully reviewed the allegations contained in the plaintiff's Motion to Amend and finds that it sets forth nearly identical allegations to those set forth in the original Complaint. (Filing No. 10.) Specifically, the plaintiff again alleges that the defendant restricted his ability to send legal mail and that this action violated his constitutional rights. (*Id.*) The plaintiff also alleges various details which relate to validity of his criminal conviction, repeating the allegations set forth in his Motion to Bring Additional Complaints. (*Id.*) However, the plaintiff again fails to allege a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County's employees, that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, and that an unconstitutional custom was the moving force behind his injures. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990). As such, the plaintiff has failed to adequately amend his claims in order state a claim upon which relief may be granted against the defendant and this matter is dismissed.

IT IS THEREFORE ORDERED that:

1.    the plaintiff's Motion to Bring Additional Complaints (filing no. 7) is denied;

2.    the plaintiff's Motion to Amend (filing no. 10) is granted to the extent that the court liberally construes the Motion to Amend as an amended complaint;

3.    this matter is dismissed without prejudice for failure to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915(e)(2);

4.    a separate judgment will be entered in accordance with this Memorandum and Order; and

     5.     the clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

     Dated April 9, 2010.

                             BY THE COURT

                             s/ Warren K. Urbom
                             United States Senior District Judge